UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

TASHANO JENKINS,

                                         Petitioner,

              -v.-                                          9:01-CV-0327
                                                            (LEK)(DEP)

TIMOTHY MURRAY, Superintendent, Groveland Correctional
Facility,
                                         Respondent.

------------------------------------------------------------------------

APPEARANCES:

TASHANO JENKINS
Petitioner, *pro se*
99-A-6421
Groveland Correctional Facility
PO Box 104
Sonyea, NY 14556

LAWRENCE E. KAHN, DISTRICT JUDGE

### ORDER

**I    Background.**

   The Clerk has sent to the Court a petition for a writ of habeas corpus brought by

Tashano Jenkins ("petitioner" or "Jenkins") pursuant to 28 U.S.C. § 2254, together with

an application to proceed *in forma pauperis*.  Jenkins, who is currently incarcerated at

the Groveland Correctional Facility, has not paid the filing fee required to maintain the

instant action.

AO 72A
(Rev.8/82)

After reviewing the entire file herein, including Jenkins' *in forma pauperis* application, the Court finds that the petitioner may properly proceed with this matter *in forma pauperis*.

Turning to his habeas petition, Jenkins states that a judgment of conviction was rendered in Schenectady County Court on May 21, 1999, after a trial by jury that found petitioner guilty of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. Petitioner contends that he was thereafter sentenced to a term of five to ten years of imprisonment. Petitioner states that he filed for leave to appeal to Appellate Division, Third Department in June, 1999. Petitioner states that on September 22, 1999 he was granted leave to appeal to the Third Department, and appointed appellate counsel. Petitioner states that since September of 1999 his counsel has repeatedly filed motions for extensions of time to file his appellate brief. Petitioner alleges the last such motion was made on January 31, 2001. Petitioner states he made a motion for reassignment of counsel or, in the alternative, the right to proceed *pro se*, but such request was denied by the Appellate Division. Petitioner argues that he has been denied his appeal rights by ineffective appellate counsel and, therefore, he should be permitted to proceed with this habeas petition.

**II    Discussion.**

The federal habeas corpus statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first

exhaust available state remedies." *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc). The exhaustion doctrine provides that "a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Id.* at 191 (citations omitted). The concept that federal courts not exercise habeas review of a state-court conviction unless the state courts have first had an opportunity to consider and correct any violation of federal law "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Id.*

The doctrine of exhaustion contemplates that the claim now being asserted by way of a federal habeas corpus petition has been "fairly presented" to the state courts. *Id.* "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Id.* (citations omitted). "Specifically, he must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* (citations omitted). The petitioner must have "placed before the state court essentially the same legal doctrine he asserts in his federal petition." *Id.* at 192 (citations omitted). "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* (footnote omitted). Thus, while the Court may appreciate petitioner's impatience with

3

the appellate process, petitioner must pursue his state remedies fully before turning to this Court for relief.

Because Jenkins' claims do not appear to have been fully presented to the state court, the Court hereby dismisses this action, without prejudice, unless , **within thirty (30) days** of the filing date of this Order, files an amended petition which demonstrates that he has, in fact, fully exhausted his state court remedies prior to filing of the instant petition. Such amended petition shall clearly state the date(s) on which he filed his challenges to his sentence, and the dates on which these challenges were denied. If petitioner fails to file such amended petition within such time, this action shall be dismissed, without prejudice, without further order.

WHEREFORE, it is hereby

ORDERED, that petitioner's request to proceed with this action *in forma pauperis* is granted.[1]

ORDERED, that for the reasons stated above, the action is dismissed, without prejudice, unless Jenkins, **within thirty (30) days** of the filing date of this Order, files an amended petition which demonstrates that he has, in fact, exhausted his state court remedies prior to filing of the instant petition. Such amended petition shall clearly state the date(s) on which the state courts denied all of Jenkins' post-conviction challenges to his conviction and sentence, and it is further

---

[1] The Court notes that even though such request has been granted, petitioner is still required to pay other fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

4

ORDERED, that should petitioner file an amended petition within thirty days, the Clerk shall forward the file in this matter to the Court for further review, and it is further

ORDERED, that if  fails to timely comply with the terms of this Order within such time, this action shall be dismissed without further Order, without prejudice, and it is further

ORDERED, that the Clerk serve a copy of this Order on  by **regular** mail.

IT IS SO ORDERED.

Dated:              , 2001
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

5